In the Matter of THOMAS R. KEARNEY, Petitioner, against RICHARD R. GRIFFITH et al., Respondents.

Supreme Court, Special Term, Oneida County, August 7, 1946.

*Thomas R. Kearney,* petitioner in person.

*Smith Johnson* for Richard R. Griffith, respondent.

*Pirnie Pritchard* for Board of Elections, respondent.

SEARL, J. Petitioner challenges the sufficiency and legality of a designating petition purporting to nominate for public office of Assemblyman, Second Assembly District, County of Oneida, one Richard R. Griffith, the petition also containing for party position in the same district, Gilbert R. Hughes and Florence Graystone, " as State Committeemen " and likewise containing for party position the names of nine proposed delegates to the Republican State Convention, as well as nine alternates. The entire petition, therefore, contains the name of one candidate for public office, namely, Richard R. Griffith, and twenty names for party position. The claim of the petitioner is based upon the argument that section 136 of the Election Law requires the names of at least 5,250 duly enrolled voters of the Republican party residing within the political unit, namely, the 2d Assembly District, in which the office or position is to be voted for, in order that the petition be valid. It is conceded that the peti-

tion, composed of several sheets, contains the names of not more than 2,208 duly enrolled voters of the party.

Subdivision 2 of section 136 of the Election Law, as amended by chapter 16 of the Laws of 1946, provides: " A petition must be signed in ink by not less than five per centum, as determined by the preceding enrollment, of the enrolled voters of the party residing within the political unit in which the office or position is to be voted for, provided, however, that for the following public offices the number of signatures need not exceed the following limits:  *  *  *  for any office to be filled by all the voters of any other county, or of any city of the third class, or *of any other assembly district,*  *  *  *  two hundred and fifty signatures  *  *  *." (Italics inserted.)

The instant question to be determined is whether the one petition containing 21 names of candidates is valid, provided there is signed thereto the names of 250 duly enrolled voters, or whether there must be at least 250 names signed for each of the 21 candidates proposed for public office or party position which would require 5,250 signatures.

Subdivision 1 of section 136 of the Election Law follows: " 1. A designating petition may designate candidates for nomination for one or more public offices or for election to one or more party positions, or both, but designations, petitions for which are required to be filed in different offices, may not be united in the same petition. All papers signed and authenticated as provided in this article for the purpose of designating the same candidate for nomination for the same public office or party position, when bound together and offered for filing, shall be deemed to constitute one petition in respect of such candidate.''

Petitioner cites as authority for his contention an opinion by Mr. Justice Dowling in *Matter of Higbee* (153 Misc. 1). A careful reading of the opinion fails to convince this court of the soundness of petitioner's contention. The opinion in the cited case does state: " The court is of the opinion that this section [§ 136, subd. 2], applied to Onondaga county, requires candidates for State Senator and district attorney to procure 1,000 valid signatures and candidates for Member of Assembly and for position of delegate to judicial and State conventions and for membership in the State committee 250 valid signatures.'' The court also found that of the signatures produced in the cited case, 177 were presumably valid so far as the 1st Assembly District was concerned, 225 so far as the 2d Assembly District was concerned, and 215 so far as the 3d Assembly District was concerned. In each case the number fell short of

the requisite 250 valid signatures. The court, very properly, for lack of number, and other reasons, quashed the petitions.

By way of argument, it might very properly be urged that in some rural district 5% of the enrolled voters of the party might fall below 250, in which event 5% would be sufficient. Because of the fact that it is conceded that in the instant case there were 22,500 enrolled Republican voters in the 2d Assembly District, the minimum of 250 names is sufficient. The quoted portion of subdivision 1 of section 136 makes it clear that one petition may designate " candidates for nomination for one or more public offices or for election to one or more party positions, or both ".

The court believes that to require at least 250 signatures for each of the 21 candidates referred to would be not only unreasonable, but not within the contemplation of the statute. When a voter signs the petition he must be deemed to sign for all the candidates named thereon for either public office or party position. Were such not the case it would be necessary for each signer to designate the candidates for whom he signed which would result in untold labor and confusion. The hope of the voter rests in simplicity, not technicality.

The petition is dismissed. Order accordingly.